[Civ. No. 1564. Second Appellate District.—October 10, 1914.]

R. E. HILLGER, Respondent, v. N. YENRICK, Appellant.

APPEALS—ACTION IN JUSTICE'S COURT—APPEAL TO SUPERIOR COURT—JUDGMENT FINAL.—A judgment of the superior court on appeal, in an action originally brought in the justice's court to recover the sum of one hundred dollars, alleged to have been paid as part of the purchase price of certain lots of land, which defendant agreed to transfer to plaintiff, the contract being evidenced by a writing in the form of a receipt, which provided the balance of the purchase price should be paid upon a showing within fifteen days from date that the title of the property was free from all encumbrances and upon the execution of a good deed, and providing further that the deposit should be returned to the purchaser if the certificate of title showed the property not to be free from encumbrances, is final, and no appeal lies from the judgment of the superior court.

ID.—ACTION FOR RECOVERY OF MONEY—TITLE TO PROPERTY NOT INVOLVED—JUSTICE'S COURT JURISDICTION NOT OUSTED BY COUNTERCLAIM.—Such an action is one at law for the recovery of money only, and a verified answer and counterclaim, upon which defendant took issue on the facts alleged in plaintiff's complaint and sought to recover the balance of seven hundred dollars, which plaintiff had agreed to pay upon the conditions of the contract in his favor being performed, and on which defendant moved to have the case certified to the superior court, upon the ground that it raised a question as to the title or right to the possession of real property, does not raise such question, and the fact that the defendant sought by counterclaim to recover more than the amount fixed as the limit of the jurisdiction of the justice's court could not oust that court of jurisdiction. While the alleged counterclaim might have been stricken from the files, no error was committed by the justice in proceeding to trial without taking such action.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Theron Stevens, and J. R. Gilliland, for Appellant.

Young C. Burkhart, for Respondent.

THE COURT.—This action was originally brought in the justice's court to recover one hundred dollars alleged to have been paid by respondent as part of the purchase price of certain lots of land in the county of San Diego which appellant agreed to transfer to him. The contract was evidenced by a writing in the form of a receipt which, after setting forth a description of the property and the fact of the payment of one hundred dollars, provided that the balance of the purchase price should be paid "upon delivery certificate complete to date of transfer from a responsible abstract company in the city of San Diego; said certificate to show said property free from all encumbrances and execution of good and sufficient deed, on or before fifteen days from date. . . . And if the balance of . . . . . . . . . . . . dollars is not paid as stipulated and agreed, the above contract is null and void, and all moneys paid shall be forfeited as agreed damages for failure of purchaser to perform this contract. Should such abstract or certificate show the title to said property as not being free from encumbrances as above stated, the deposit shall be returned to said purchaser." The respondent alleged in his complaint that he had been ready to perform and had performed all of the obligations required of him, but that more than fifteen days had elapsed and that the appellant had failed to deliver to him a deed or furnish the certificate in the manner agreed. In the justice's court appellant filed an answer and counterclaim in which he took issue on the facts alleged in plaintiff's complaint and sought to recover the balance of seven hundred dollars which respondent had agreed to pay upon the conditions of the contract in his favor being performed. This answer and the counterclaim as filed in the justice's court were verified, appellant seeking thereby to raise a question as to the title or right to possession of real property which would oust the justice's court of juris-

diction. However, the justice of the peace proceeded to try the action and, notwithstanding a motion to have it certified to the superior court, judgment was rendered for one hundred dollars as prayed for in the complaint, and an appeal was then regularly taken to the superior court. We must assume that the appeal was taken on questions of both law and fact, for the contrary does not appear, and the superior court proceeded to hear and determine all of the issues in the case, both law and fact, anew. A demurrer to the complaint was sustained and an amended complaint was filed which set out with more detail the circumstances of the contract and the actions of the parties had in connection therewith, and again repeated the prayer for judgment in the sum of one hundred dollars. A demurrer stating general grounds was filed to the amended complaint and overruled. Appellant then filed an answer and what he termed a cross-complaint, repeating in effect all of the allegations set up by his alleged counterclaim in the justice's court. The respondent made no answer to the cross-complaint and the action went to trial as to the issues made upon the amended complaint and the denials contained in the answer. Again judgment was rendered in favor of the plaintiff for the sum of one hundred dollars and costs. This appeal, taken from that judgment, followed.

The action was an action at law for the recovery of money only and involving an amount within the jurisdiction of the justice's court. No question concerning the matter of title or possession of real property was shown to be involved from the contents of the answer as filed, or the counterclaim. The fact that the defendant sought by counterclaim to recover more than the amount fixed as the limit of the jurisdiction of the justice's court, could not oust that court of jurisdiction. The justice of the peace might have stricken the alleged counterclaim from the files, but he did not commit error in proceeding to the trial without taking such action. In the superior court the alleged cross-complaint seems to have been ignored by both the respondent and the trial judge. It was improperly on the files of the court, and it must be assumed, if it is necessary so to do to support the judgment, that it was so disregarded and treated as of no effect. We do not think that the superior court attempted to exercise original jurisdiction at the trial of the action, as it rendered judgment for only the amount of one hundred dollars and

attached costs thereto as part of the recovery, which could not have been done had the action been one of original jurisdiction with that court. Such a state of facts being disclosed, it is manifest that no appeal could properly have been taken from the judgment last entered to this court, as the judgment of the superior court was final.

It is ordered that the appeal be dismissed, with costs to the respondent.